

**SO ORDERED.**

**SIGNED this 12 day of March, 2012.**

_____
**James D. Walker, Jr.
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 10-53166-JDW |
| CHARLES JEFFERSON JONES, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtor:    Wesley J. Boyer
               355 Cotton Avenue
               Macon, Georgia 31201

For William and
Jane Rivers:   Jerome L. Kaplan
               577 Mulberry Street, Suite 800
               Macon, Georgia 31201

For Certus Bank:   Kim H. Stroup
                   Post Office Box 4283
                   Macon, Georgia 31208-4283

**MEMORANDUM OPINION**

This matter comes before the Court on William and Jane Rivers' objection to ballots cast by Certus Bank. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A), (L). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtor Charles Jefferson Jones filed a Chapter 11 petition on September 27, 2010. Atlantic Southern Bank filed two proofs of claim–one asserting a secured claim (proof of claim #23) and one asserting an unsecured claim (proof of claim #24). On March 1, 2012, Certus Bank amended the two claims to show that it had acquired the loans that were the subject of the claims. Only the unsecured claim is at issue in this case. In Box 1 of the unsecured proof of claim, Certus Bank listed the amount of the claim as $18,623,027.64. Attached to the proof of claim are the loan documents for 17 loans, including the assignment of each loan to Certus.[1]

Debtor proposed a plan consisting of nine classes of claims. Class 8 includes "all allowed unsecured claims" and any "allowed deficiency claims." Thirty ballots were cast by holders of Class 8 claims, including 17 ballots by Certus. The tally of votes was 23 in favor of the plan and seven opposed to the plan. All Certus ballots were cast in favor of the plan.

William and Jane Rivers also are members of Class 8. The Rivers filed five proofs of claim, asserting five unsecured claims. They cast five votes against the plan. They object to

---

[1] When Atlantic Southern filed the original proof of claim, it attached a "Summary of Loans Guaranteed By Debtor" that listed the 17 loans by account number and amount owed.

Certus' ballots, alleging that it is entitled to only one vote because it filed only one proof of claim for an unsecured debt. The Court held a hearing on the Rivers' objection on February 14, 2012. Having considered the facts and legal arguments presented by the parties, the Court will sustain the Rivers' objection.

## Conclusions of Law

The purpose of the Rivers' objection is self-evident. The Rivers want to reject the plan while Certus wants to accept it. If Certus is entitled to 17 votes, then its position will prevail over the Rivers' with respect to Class 8.

Bankruptcy Code § 1126 governs acceptance of a Chapter 11 plan. Pursuant to 11 U.S.C. § 1126(a), "[t]he holder of a claim or interest allowed under section 502 of this title may accept or reject a plan." There is no dispute that Certus is a holder of a claim allowed under § 502 and, thus, may accept or reject the plan.

Under § 1126(c), "[a] class of claims has accepted a plan if such plan has been accepted by creditors ... that hold at least two-thirds in amount and <u>more than one-half in number of the allowed claims</u> of such class[.]" (emphasis added). Certus is a Class 8 creditor that has accepted the plan. The parties agree that creditors holding at least two-thirds of the dollar amount of claims in the class have accepted the plan. Thus, the first requirement for class acceptance is satisfied. The remaining question is whether the accepting creditors hold more than one-half of the number of allowed claims in the class.

A claim is defined by § 101(5)(A) as a "right to payment," which is "'nothing more nor less than an enforceable obligation.'" <u>Cohen v. de la Cruz</u>, 523 U.S. 213, 218, 118 S. Ct. 1212,

3

1216 (1998) (quoting <u>Pennsylvania Dept. of Public Welfare v. Davenport</u>, 495 U.S. 552, 559, 110 S. Ct. 2126, 2131 (1990), *superseded by statute on other grounds*). For a claim to become an "allowed claim," it must pass through § 502(a), which provides, that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest ... objects." Bankruptcy Code § 501(a) provides that a creditor <u>may</u> file a proof of claim while Bankruptcy Rule 3002(a) provides that, with some exceptions, an unsecured creditor <u>must</u> file a proof of claim for the claim to be allowed.

One of those exceptions applies in Chapter 11 cases. Pursuant to Rule 3003(b)(1), if a Chapter 11 debtor lists a creditor's claims on its schedules, then the schedules "constitute prima facie evidence of the validity and amount of the claims[.]" In such circumstances, a "proof of claim ... is deemed filed under section 501[.]" 11 U.S.C. § 1111(a). If, however, the creditor decides to file a proof of claim despite being listed in the debtor's schedules, then the proof of claim "supercede[s] any scheduling of that claim[.]" Fed. R. Bankr. P. 3003(c)(4).

On Schedule F, Debtor listed 23 general unsecured claims owed to Atlantic Southern. Atlantic Southern then filed one proof of claim, listing 17 unsecured debts. The debts were then transferred to Certus, which filed an amended claim and documentation of all 17 debts. The Rivers argue that because Certus' debts are represented by only one proof of claim, it holds only one allowed claim for voting purposes. Debtor and Certus contend that the number of claims is determined by the number of debts arising from separate transactions that are owed to the creditor. The Court concludes that both facts–number of proofs of claim and number of separate obligations–are relevant to the inquiry.

Nothing in the Bankruptcy Code or Bankruptcy Rules expressly requires a creditor to file

a separate proof of claim for each debt. Likewise, nothing in the Code or Rules expressly prohibits the creditor from doing so. However, after considering the relevant statutory provisions and the official proof of claim form, the Court is persuaded that each proof of claim filed results in a single allowed claim, so long as it represents an obligation capable of full satisfaction independent of any other debt.

The proof of claim form–Official Bankruptcy Form 10–seems designed to represent a single claim. Box 1 requires the creditor to list "Amount of Claim as of Date Case Filed." Box 3 provides space for the creditor to list one account number used by the creditor to identify the debtor. Box 7 invites the creditor to attach documents supporting its claim, but nowhere does the form invite the creditor to attach a list of additional claims it wishes to assert.[2] When coupled with § 502, which links allowance of claims to filing a proof of claim, it follows that each proof of claim represents one allowed claim for voting purposes in Chapter 11.

Support for this position is found in the only relevant case cited by the parties:[3] In re Gilbert, 104 B.R. 206 (Bankr. W.D. Mo. 1989). Gilbert arose in the context of a voting dispute in a Chapter 11 case. A class of impaired, unsecured claims consisted of four creditors. One of those creditors, Mr. Stulz, filed two proofs of claim and cast two votes to accept the plan. Mr. Stulz had purchased the claims from different entities. Id. at 208. The United States argued that the two claims merged into one claim when they came into the hands of a single creditor. Id. at

---

[2] Interestingly, prior to 1991, the official bankruptcy forms included Form 21: Proof of Multiple Claims for Wages, Salary, or Commissions, which allowed a common agent to file a single proof of claim representing multiple claims from multiple wage creditors. Form 21, along with two other versions of the proof of claim (Forms 19 and 20), was replaced by Form 10 in 1991.

[3] The Court was unable to locate any other helpful case law.

211. The court disagreed, noting that "[e]ach claim arose out of a separate transaction, evidencing separate obligations for which separate proofs of claim were filed. Votes of acceptance, such as those cast by Stulz, are to be computed only on the basis of filed and allowed proofs of claim." Id. The court went on to point out that "Stulz acquired two distinct rights to payment through two separate and unrelated arms length transactions" and was entitled to vote each claim. Id.

The court emphasized two points: the separateness of the two obligations and the existence of two proofs of claim. This Court agrees that both factors are important in determining the number of claims held by a creditor for voting purposes. Unless otherwise provided by the Bankruptcy Code or Rules, each proof of claim can give rise to only one allowed claim for purposes of § 1126 so long as that claim represents an obligation capable of satisfaction separate from other debts that are the subject of proofs of claim filed by the creditor. Such a rule prohibits a creditor from multiplying the effect of its vote by splitting a single liability across multiple proofs of claim, while allowing the creditor to limit its vote by consolidating multiple liabilities into a single proof of claim.

Here, Certus filed only proof of claim for all its unsecured debt and therefore holds only one allowed claim. Consequently, regardless of the number of ballots cast by Certus, those ballots represent acceptance of the plan by one claim in Class 8 for purposes of § 1126(c). For the foregoing reasons, the Rivers' objection to the number of ballots cast by Certus is sustained.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT