

**SO ORDERED.**

**SIGNED this 16 day of April, 2012.**

_____
**James D. Walker, Jr.
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 10-53166-JDW |
| CHARLES JEFFERSON JONES, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtor:        Wesley J. Boyer
                   355 Cotton Avenue
                   Macon, Georgia 31201

For William and
Jane Rivers:       Jerome L. Kaplan
                   577 Mulberry Street, Suite 800
                   Macon, Georgia 31201

**MEMORANDUM OPINION**

This matter comes before the Court on Debtor's motion to strike ballots of William and Jane Rivers. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A), (L). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtor Charles Jefferson Jones filed a Chapter 11 petition on September 27, 2010. William and Jane Rivers filed five proofs of claim. Mr. Rivers filed claims 17, 19, and 20. Ms. Rivers filed claims 18 and 21. When Debtor proposed a plan of reorganization, the Rivers cast five ballots against the plan. Debtor filed a motion to strike their ballots, alleging they are not entitled to five votes.

Two of the Rivers' claims–18 and 20–are based on Debtor's guarantee of two separate promissory notes. Debtor does not dispute that the Rivers are entitled to separate ballots for each of those claims. The other three claims–17, 19, and 21–are based on a judgment entered against Debtor and other defendants in the Superior Court of Bibb County, Georgia, for breach of contract. The judgment order provides as follows:

> IT IS HEREBY CONSIDERED, ORDERED, and ADJUDGED that:
> 1. Judgment be entered in favor of Plaintiff William E. Rivers in the sum of $1,381,045.07 on Promissory Note 1, together with attorney fees in the amount of $206,670.42 and post judgment interest at the legal rate from December 30, 2008.
> 2. Judgment be entered in favor of Plaintiff Jane M. Rivers in the sum of $451,516.06 on Promissory Note 2, together with

>   attorney fees in the amount of $67,727.41, and post judgment
>   interest at the legal rate from December 30, 2008.
>       3. Judgment be entered in favor of William E. Rivers on the
>   Commercial Lease in the sum of $135,000.00.
>       ...
>       5. The Court directs the Clerk to enter the Judgment of
>   record and enter FiFa's against each of the Defendants, as follows:
>
>   | | | |
>   |---|---|---|
>   | 1. Principal | | $1,967,561.13 |
>   | 2. Interest Other | | $209,653.08 |
>   | 3. Attorney Fees | | $274,884.17 |
>   | 4. Court Cost | | $133.00 |
>   | Total: | | $2,452,098.38 |

Proof of Claim 17-1, Attachment, <u>Rivers v. Burgess Ventures, LLC</u>, No. 06CV44926, at 2-3 (Sup. Ct. Bibb Cty, Ga. June 30, 2010).

Debtor argues that because claims 17, 19, and 21 are based on the same judgment, the Rivers are only entitled to one ballot for those claims. The Rivers argue that because the order was itemized into three separate judgments, they are entitled to three ballots for the claims.

The Court held a hearing on Debtor's motion to strike on March 13, 2012. After considering the facts and legal arguments, the Court concludes the Rivers are entitled to a total of three ballots–one ballot for claims 17, 19, and 21; one ballot for claim 18; and one ballot for claim 20. Because the Rivers filed five ballots, the Court will grant Debtor's motion and strike two of their ballots.

**Conclusions of Law**

Bankruptcy Code § 1126 governs acceptance of a Chapter 11 plan, including the identity of those entitled to vote. Pursuant to 11 U.S.C. § 1126(a), "[t]he holder of a claim or interest allowed under section 502 of this title may accept or reject a plan." There is no dispute that the Rivers are holders of allowed claims. The only issue is the number of allowed claims they hold.

In a prior decision in this bankruptcy case, the Court held that, for voting purposes, "each proof of claim filed results in a single allowed claim, so long as it represents an obligation capable of full satisfaction independent of any other debt." Docket # 215, In re Jones, No. 10-53166, at 5 (Bankr. M.D. Ga. March 12, 2012). "Such a rule prohibits a creditor from multiplying the effect of its vote by splitting a single liability across multiple proofs of claim[.]" Id. at 6.

In this case, three of the Rivers' proofs of claim arise out of the judgment in a single lawsuit. The Rivers point out that the lawsuit involved two plaintiffs suing on multiple contracts. The judgment order allocated the amount of the judgment between the plaintiffs and among the contracts. However, nothing in the order indicates that this allocation results in three judgments capable of three separate satisfactions. On the contrary, the order specifies that the judgment is to be enforced with a fi. fa. in the principal amount of $1,967,561.13, which is the total principal awarded in the case. Although the judgment can be reduced by payment of any one of the line items, no separate obligation can be satisfied by such a payment.

For the foregoing reasons, the Court concludes the Rivers hold one allowed claim based on the judgment and are entitled to only one ballot for that claim. The Court will, therefore, grant Debtor's motion to strike two of the Rivers' ballots based on claims arising from the judgment. Furthermore, because Debtor does not dispute that Claims 18 and 20 arise from separate obligations, Ms. Rivers is entitled to one ballot for claim 18, and Mr. Rivers is entitled to one ballot for claim 20.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT